IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARIELA SAYRITUPA, Individually, and as NEXT FRIEND OF W.R. AND A.R. MINORS; WILLIAM REYES, SR., Individually, and as NEXT FRIEND OF M.R. AND D.R. MINORS, and MARGARITA MENDOZA,<br>　　Plaintiffs,<br><br>v.<br><br>LINDA BALINTFY and 1MTX, LLC,<br>　　Defendants. | Civil Action No. 3:20-cv-00759<br>Chief Judge Crenshaw/Frensley<br>Jury Demand |

**REPORT AND RECOMMENDATION**

Pending before the Court is the Defendants' Motion to Dismiss for Failure to Comply with Court Orders. Docket No. 29. For the reasons stated herein the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** and Defendants' motion be **DENIED** as moot.

This is an action for personal injuries brought by the Plaintiffs arising out of an automobile accident that occurred on or about March 1, 2019. Docket No. 1-1. The action was originally filed in Circuit Court for Williamson County, Tennessee and removed to this Court by the Defendants. Docket No. 1. On December 1, 2020, the Court entered an Initial Case Management Order setting certain deadlines including deadlines for fact discovery. Docket No. 18. The case is set for jury trial on October 18, 2022. Docket No. 19.

On June 8, 2021, the Court granted the Defendants' Motion to Compel and ordered Plaintiffs to provide responses to written discovery on or before June 23, 2021. Docket No. 25. Plaintiffs were warned that failure to comply with the Court's orders could result in sanctions up to and including dismissal. *Id.* Thereafter, on June 15, 2021, the Court granted the motion to

withdraw filed by Plaintiffs' counsel and instructed Plaintiffs to notify the Court within 30 days of new counsel or proceed pro se. Docket No. 28. Thus, the Plaintiffs had until July 15, 2021 to obtain new counsel. The Defendants filed the instant motion to dismiss on July 16, 2021 noting that the Plaintiffs have not filed any notice with the Court indicating their intent to proceed pro se nor has any counsel entered an appearance on behalf of the Plaintiffs. Docket No. 29. Further, it appears that the Plaintiffs still have not provided responses to discovery as required by the Court's previous order. *Id.*

On August 19, 2021, the Court entered an Order requiring the Plaintiffs to comply with the Court's previous orders and to show cause why the case should not be dismissed by September 1, 2021. Docket No. 30. Plaintiffs were forewarned that failure to respond to the Order could lead to a recommendation that the case be dismissed. *Id.* To date, the Plaintiffs have not notified the Court of their intention to proceed pro se nor have any counsel filed an appearance on behalf of the Plaintiffs. Further, the Plaintiffs have not responded to the Court's Show Cause Order.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable

delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.*

3

Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B.    The Case at Bar**

On September 3, 2020, this case was removed from the Circuit Court for Williamson County to the United States District Court for the Middle District of Tennessee pursuant to 28 U. S. C. §1332. Docket No. 1. On December 18, 2020, a case management conference was held and the initial case management order setting deadlines in this case was filed. Docket No. 18. On June 7, 2021, counsel for Defendants filed a motion to compel requesting that Plaintiffs respond to outstanding discovery requests. Docket No. 24. On June 8 and 11, 2021, counsel for the Plaintiffs filed motions to withdraw as attorneys of record, citing the inability to contact their clients. Docket Nos. 26, 27. Those motions were granted on June 15, 2021. Docket No. 28. Counsel for Defendants filed a motion to dismiss July 16, 2021. Docket No. 29. The Court issued a show cause order to the Plaintiffs on August 19, 2021 requesting that they show cause why this matter should not be dismissed. Docket No. 30.

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without

4

prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders.

With respect to the first factor, Plaintiff has failed to take any action to advance this litigation. Plaintiff has not responded to written discovery after numerous requests by Defendants and a court order to do so. Plaintiffs have not stayed in contact with their counsel to the point counsel had to withdraw. Plaintiffs were warned that failure to comply with the Court's show cause order issued on August 19, 2021 could result in this matter being dismissed for failure to prosecute. Plaintiffs have failed to file a response to the show cause order or complete the written discovery requests outstanding. These failures show willfulness or fault.

As to the second factor -prejudice to the defendants- they have been parties to this litigation notwithstanding Plaintiff's failure to take action. A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). The Defendants have participated in discovery and been forced to seek the court's intervention twice as a result of the Plaintiffs' failure to participate in the litigation. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

The third and fourth factors likewise weigh in favor of dismissal. Here, the Plaintiffs were warned that their failure to cooperate in this litigation through the show cause order could result in a recommendation that this case be dismissed. However, the less drastic sanction of dismissal without prejudice is appropriate here. The Plaintiffs have not responded to the show cause order. This matter has been pending since being filed in state court on February 21, 2020. Docket No. 1-

5

1. The Plaintiffs stopped communicating with their counsel, failed to response to discovery requests thereby preventing this litigation from moving forward and Plaintiffs failed to respond to the show cause order issued by the Court (Docket No. 30).

While Defendants ask that the Court dismiss this action with prejudice for the Plaintiffs' failure to participate in discovery and advance the litigation (Docket No. 29), the undersigned declines to recommend the harsh sanction of dismissal with prejudice. There is nothing extraordinary about Plaintiffs' conduct that would support dismissal of this action with prejudice. Furthermore, it appears that several of the Plaintiffs in this matter are minors and the Court finds that it would be inappropriate to dismiss their claims with prejudice based upon their limited control of the litigation. Thus, the undersigned recommends dismissal without prejudice.

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and Defendants' Motion to Dismiss (Docket No. 29), be **DENIED** as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                        **JEFFERY S. FRENSLEY**
                                        **United States Magistrate Judge**